[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT
The plaintiff Union has filed a motion entitled Application for Citation for Contempt against the defendant Town of Wallingford.
The underlying action that resulted in a judgment was an application to confirm an arbitration award. Mary Alice Petrucelli-Timek, a union member and a town employee) filed a grievance in 1999 challenging the failure of the defendant town to place her into the position of Youth and Social Services Program Coordinator. Under the provisions of the Collective Bargaining Agreement, the Union took the matter to arbitration on behalf of the grievant. The arbitrator wrote a thoughtful memorandum of decision and rendered an award in favor of the Union. The arbitrator's memorandum of decision explains, over nine pages, how the arbitrator reached his decision and discusses the effect of the award upon the grievant and the town.
The actual certificate of award, much like a judgment file in a civil action, is somewhat shorter, only four paragraphs, and as to the award itself states the following: "The Grievant is therefore awarded the Program Coordinator position."
On June 5, 2000, the Union filed an application in the Superior Court to confirm the arbitration award. The application was unopposed and was granted on September 11, 2000. There the matter rested until February of 2001 when the Union filed this Application for Citation of Contempt. The Union alleges that the grievant was not placed in the appropriate pay CT Page 6816 category nor afforded the required benefits of her new position, in violation of the judgment of the court which confirmed the award. Thus the Union alleges it is entitled to apply for a contempt citation, enabling and empowering the court to determine whether to find the Town in contempt of a court order.
The defendant Town has filed what is effectively an objection to the application for contempt citation, raising the issue of subject matter jurisdiction, that is, that this court has no authority to hear and determine such an issue in this case.
SUBJECT MATTER JURISDICTION
The claim that the court lacks subject matter jurisdiction may be raised at any time. Dowling v. Slotnick, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451 (1998). Once the question of lack of jurisdiction is raised, the court must first determine that issue, no matter in what form it is presented, and must resolve it before proceeding further with the case. CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997).
Here the issue, though raised in a memorandum of law in opposition to the issuance of the application for contempt citation rather than by the more traditional motion to dismiss, is squarely presented for the court's resolution.
THE SCOPE OF THE COURT'S JURISDICTION OVER ARBITRATION JUDGMENTS
The order of the court granting confirmation of the arbitration award operates as a judgment or decree of the Superior Court. Conn. Gen. Stat. Sec. 52-421 (b) provides as follows:
 The judgment or decree confirming, modifying or correcting an award shall be docketed as if it were rendered in a civil action. The judgment or decree so entered shall have the same force and effect in all respects as, and be subject to all the provisions of law relating to, a judgment or decree in a civil action; and it may be enforced as if it had been rendered in a civil action in the court in which it is entered. When the award requires the performance of any other act than the payment of money, the court or judge entering the judgment or decree may direct the enforcement thereof in the manner provided by law for the enforcement of equitable decrees.
CT Page 6817
The plaintiff claims that the defendant has failed to comply with the decree and the defendant contests that claim. By raising the issue of subject matter jurisdiction, the defendant challenges the authority of the Superior Court to determine whether the defendant has or has not complied. Rather, the defendant claims, that must first be determined, as was the original controversy, by resort to the administrative remedies outlined in the collective bargaining agreement.
The papers of the parties demonstrate that there continues to be an ongoing dispute about what the appropriate pay and benefits level is for the grievant now that she has been placed in the job pursuant to the arbitrator's award. As with any other union member who disputes the level of pay and benefits, the grievant, and if necessary the union on her behalf, must first resort to that for which they bargained, an administrative remedy which until it is exhausted affords no direct route to Superior Court.[1] See Cahill v. Board of Education, 198 Conn. 229,236-37, 502 A.2d 410 (1985); School Administrators Assn. v. Dow,200 Conn. 376, 382-83 (1986). This court determines that the fact that a decree has entered confirming the arbitration award in no way relieves the parties of their obligation to exhaust their administrative remedies.
The Superior Court does not have subject matter jurisdiction to determine the disputed issues raised by the plaintiff union. Accordingly the court declines to issue an order to show cause or citation compelling the defendant Town to show cause why a contempt finding should not issue. The plaintiff's Application is dismissed.
Patty Jenkins Pittman, Judge